UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRINSON CALEB SILVER | CASE NO. 2:23-CR-201<br><br>JUDGE SARGUS<br><br>SUPERSEDING INFORMATION<br><br>18 U.S.C. § 1343<br>18 U.S.C. § 401(3)<br>FORFEITURE ALLEGATION |

THE UNITED STATES ATTORNEY CHARGES:

### GENERAL ALLEGATIONS

At all times relevant to this Superseding Information:

1. Root, Inc. was an insurance company with headquarters in Columbus, Ohio. Root, Inc. is the parent company of Caret Holdings, Inc., which has its headquarters in Columbus, Ohio.

2. From November 2021 through November 2022, Defendant **BRINSON CALEB SILVER** was the Chief Marketing Officer at Root, Inc. In that role, Defendant **BRINSON CALEB SILVER** had the authority to enter into contracts on behalf of Root, Inc., for marketing services.

### COUNT 1
(Wire Fraud)

3. From at least November 2021 through at least June 20, 2023, in the Southern District of Ohio and elsewhere, Defendant **BRINSON CALEB SILVER** knowingly devised and intended to devise a scheme and artifice to defraud, and to deprive another of money and

property—specifically, $10,205,794.86 in U.S. Currency—by means of materially false and fraudulent pretenses, representations, and promises.

4. It was part of the scheme to defraud that Defendant **BRINSON CALEB SILVER** entered into contracts on behalf of Root, Inc., with vendors for marketing services.

5. It was further part of the scheme to defraud that Defendant **BRINSON CALEB SILVER** caused Root, Inc., to pay millions of dollars to the vendors pursuant to the contracts.

6. It was further part of the scheme to defraud that Defendant **BRINSON CALEB SILVER** owned and controlled Collateral Damage, LLC, Eclipse Home Design, LLC, and Grind 24.

7. It was further part of the scheme to defraud that Defendant **BRINSON CALEB SILVER** controlled bank accounts in the name of Collateral Damage, LLC, Eclipse Home Design, LLC, and Grind 24.

8. It was further part of the scheme to defraud that Defendant **BRINSON CALEB SILVER** directed the vendors to send a total of $10,205,794.86 to bank accounts in the name of Collateral Damage, LLC, and Grind 24.

9. It was further part of the scheme to defraud that Defendant **BRINSON CALEB SILVER** used the $10,205,794.86 for his personal benefit.

10. It was further part of the scheme to defraud that Defendant **BRINSON CALEB SILVER** concealed material facts from Root, Inc., and made material misrepresentations to Root, Inc., regarding the vendors.

11. It was further part of the scheme to defraud that Defendant **BRINSON CALEB SILVER** repeatedly used another person's means of identification without lawful authority when he repeatedly sent emails pretending to be another person.

12. On or about April 26, 2022, in the Southern District of Ohio and elsewhere, Defendant **BRINSON CALEB SILVER**, for the purpose executing the above-described scheme and artifice to defraud, and in attempting to do so, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, signals and sounds—namely, an ACH transfer in the amount of $7,350,000 from a Caret Holdings, Inc., bank account to a bank account of a vendor.

**In violation of 18 U.S.C. § 1343.**

## COUNT 2
### (Contempt of Court)

13. From on or about February 27, 2023, through and including on or about May 5, 2023, in the Southern District of Ohio and elsewhere, Defendant **BRINSON CALEB SILVER** knowingly and willfully disobeyed and resisted a lawful order of a Court of the United States of America—namely, the Agreed Preliminary Injunction issued on February 27, 2023, in *Root, Inc., et al. v. Brinson Caleb Silver, et al.*, Case No. 2:23-CV-512, by the Honorable Sarah D. Morrison, United States District Judge for the Southern District of Ohio—by engaging in financial activity prohibited by the Agreed Preliminary Injunction.

**In violation of 18 U.S.C. § 401(3).**

### FORFEITURE ALLEGATION A

14. Paragraphs 1 through 12 are incorporated here.

15. Upon conviction of the offense alleged in Count 1 of this Superseding Information in violation of 18 U.S.C. § 1343, Defendant **BRINSON CALEB SILVER** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting or derived from proceeds traceable to such violation, including a sum of

money equal to $10,205,794.86 in United States Currency in the form of a forfeiture money judgment.

16. If, as a result of any act or omission of Defendant **BRINSON CALEB SILVER**, the forfeitable property so described, or any portion thereof:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant **BRINSON CALEB SILVER** up to the value of the forfeitable property.

**Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

KENNETH L. PARKER
United States Attorney

_____
PETER K. GLENN-APPLEGATE (0088708)
Assistant United States Attorney

_____
DAVID J. TWOMBLY (0092558)
Assistant United States Attorney